# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

DALE BRYANT,

    Plaintiff,                                        Case No.  22-12066

vs.                                                    Hon. Victoria A. Roberts

CITY OF TAYLOR, a municipal corporation,
Officer MAX DORFLINGER, a Taylor police
officer, in his individual capacity, Officer
AARON LAYNE, a Taylor police officer, in his
Individual capacity, and Animal Control Officer
LANNY HALL, Taylor animal control officer, in his
individual capacity,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

The parties to this action, by and through their respective undersigned counsel, and subject to the approval of the Court, stipulate to the following:

Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that

1

the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and as further defined below. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Eastern District of Michigan Local Rule 5.3 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

In this action, Plaintiff is likely to request the production of protected information, such as employment/personnel files. Defendant is likely to request production of protected information health information within the meaning of the federal Health Insurance Portability and Accountability Act (HIPAA). To illustrate, the parties may request medical records, educational information, employment information, statutorily protected information, e.g., 45 C.F.R. § 164.512(e)(1)(v) (HIPPA privilege); 18 U.S.C. § 2721 (Driver's Privacy Protection Act); 20 U.S.C. § 1232g (Family Educational Rights and Privacy Act); Fed. R. Civ. P. 5.2(a) (collecting); MCL 330.1750 (psychiatric privilege); MCL 339.732 (accountant privilege); MCL 445.81, et seq. (social security privacy act); MCL 600.2157 (doctor-patient privilege), or private information of a highly personal and confidential nature.

The confidential information requested from each side as defined above is

hereinafter referred to as "Confidential Materials." Confidential Materials include information contained in records produced by any party, as well as summaries, copies, abstracts and/or documents derived in whole or in part from nonpublic and protected records.

The parties shall label as "Confidential Information Subject to an Order of Protection" all documents that contain any Confidential Materials. Deposition testimony deemed to constitute confidential information should be so designated by written notice within 30 days of receipt of the transcript, and all deposition testimony (including the corresponding video testimony, if any) shall be treated as confidential information until such deadline has passed. The designating party shall provide copies of all such marked records to all other parties. For any record, such as computer data, whose medium makes such a marking impractical, the case or other enclosure and any accompanying paper or e-mail cover letter shall be marked "CONFIDENTIAL INFORMATION SUBJECT TO AN ORDER OF PROTECTION" or with a similar marking in a way that brings its attention to a reasonable examiner. To the extent possible, when a record includes both information that does and does not qualify as confidential information, the producing party shall identify and mark the particular pages or portions that it designates as confidential.

Any party may challenge, in writing, a designation of confidential information

subject to an order of protection at any time up to 30 days after the close of discovery. In the case of deposition testimony, such challenge may be made at any time up to 30 days after designation of the deposition transcript or testimony as covered information. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the service of notice. The challenging party must explain the basis for its belief that the designation of protected material was not proper and give the designating party an opportunity to review the designated material, to reconsider the circumstances, and if no change in designation is offered, explain the basis for the chosen designation. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion challenging the designation of confidential information subject to a protective order. The burden of persuasion in any such proceeding shall be on the designating party, to the extent consistent with applicable law. All parties shall continue to afford the material in question the protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

    Confidential Materials produced pursuant to this Order shall be used only for purposes of the prosecution, defense, or settlement of this action and for no other purpose. Confidential Materials subject to this Order shall be used solely and exclusively for the purposes of the instant lawsuit. Confidential Materials may be disclosed or made available only to the Court, court reporters retained in this action,

counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and the following "qualified persons":

Experts, investigators, or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action;

A witness at any deposition or proceedings in this action, so long as the materials are not thereafter retained by that person; and

Any other person as to whom the parties agree in writing.

Any party filing or intending to file Confidential Materials, including pleadings, motions, exhibits or other papers containing confidential materials, shall, prior to filing, notify the opposing parties of their intent to file such materials. The filing party shall confer with the opposing party regarding appropriate redactions or stipulations to protect the confidentiality of the materials prior to filing. If the opposing party objects to the filing of those materials, the parties will submit their dispute to the Court for an expedited hearing to determine whether the materials are privileged or otherwise protected. If the Court cannot hear or decide the issue before filing, the party challenging the designation of Confidential Materials shall petition the Court to file the Confidential Materials under seal pursuant to Eastern District of Michigan Local Rule 5.3. The parties shall maintain the disputed material as confidential until the Court enters an Order regarding the confidentiality of the

materials.

Upon the issuance of an order sealing such documents, all Confidential Materials and/or documents containing confidential information shall be filed and served under seal, with the following statement affixed to the document or information:

> "This envelope is sealed pursuant to the order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened nor the contents thereof displayed or revealed except by order of the Court."

The portion of any deposition in which Confidential Materials are discussed shall be taken only in the presence of qualified persons.

Unless otherwise protected by law or controlling authority, nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained outside of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing his, her or its own Confidential Materials as deemed appropriate. Receipt by any party of any confidential information shall not be an admission that the information is private and/or confidential, nor an admission with respect to the authenticity, competency, relevance or materiality thereof.

All documents designated as "Confidential Information Subject to an Order of Protection" shall be treated as such and shall be subject to the provisions hereof unless or until one of the following occurs:

4859-8369-8271, v. 1

The party who claims that the material is confidential withdraws such designation in writing; or

The party who claims that the material is confidential files the material on the docket not under seal, thereby making the material available to the general public outside of discovery in this action. In order to prevent the disclosure of confidential material that was inadvertently filed on the public docket (rather than under seal), filing parties shall have 14 days from the filing to correct the filing designation before the parties may treat the material as though it is not confidential; or

This Court rules the material is not confidential. If a party contends that any material is not confidential, such party may move the Court for an order removing the designation.

This Order shall be without prejudice to a party presenting a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate Protective Order as to any particular document or information, including restrictions different from those specified herein.

Nothing in this Order, including production of any material under the terms of this Order, nor any proceedings pursuant to this Order, shall act as an admission or waiver of any objections or privileges by either party.

Upon final termination of this action (including all appeals), any party who has received Confidential Materials shall, within thirty (30) calendar days of such

4859-8369-8271, v. 1

termination, either return to the designating party or verifiably destroy all Confidential Materials in its possession, including electronically stored information (ESI). Counsel for the party who received Confidential Materials shall provide a written certification to the designating party, attesting that all such Confidential Materials and any copies thereof have been destroyed or delivered in accordance with the terms of this Stipulated Protective Order.

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. Nothing in this Order shall preclude a party from relying on or filing on the public record any information that is in the public domain as a result of publication not involving a violation of this Order, even if the same or similar information has been designated as Confidential Information in the context of records produced in discovery under the auspices of this Order.

This Order shall survive the final termination of this action, and the Court shall retain jurisdiction to enforce the terms and conditions.

Upon the above stipulations of the parties under Fed. R. Civ. P. 5.2(e) and 26(c) and E.D. Mich. LR 26.4, this Court finds good cause for entry of the above Stipulated Protective Order because discovery in this action will uncover privileged health and private information of a highly personal and confidential nature from both parties.

4859-8369-8271, v. 1

**IT IS SO ORDERED**.

s/ Victoria A. Roberts<br>
The Honorable Victoria A. Roberts<br>
United States District Court Judge

Dated:  7/9/2023

We stipulate to entry of the above Order:

*/s/ Syeda F. Davidson*
Syeda F. Davidson (P72801)
American Civil Liberties Union Fund of Michigan
Attorney for Plaintiff


**HOWARD & HOWARD ATTORNEYS PLLC**

*/s/ Mark W. Peyser* (w/permission)
Mark W. Peyser (P35473)
Attorney for Defendants

9