## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DALE BRYANT,

       Plaintiff,                  Case No. 22-12066

vs.                                Hon. Gershwin A. Drain

CITY OF TAYLOR, a municipal corporation,
Officer MAX DORFLINGER, a Taylor police
officer, in his individual capacity, Officer
AARON LAYNE, a Taylor police officer, in his
Individual capacity, and Animal Control Officer
LANNY HALL, Taylor animal control officer, in his
individual capacity,

       Defendants.

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants City of Taylor, City of Taylor Police Officers Max Dorflinger and

Aaron Layne, and City of Taylor Animal Control Officer, Lanny Hall (collectively

"Defendants"), through their counsel, Howard & Howard Attorneys PLLC,

respectfully move this Honorable Court pursuant to Federal Rule of Civil Procedure

56 for an order granting summary judgment and dismissing Plaintiff's complaint

alleging illegal seizure of property under 42 U.S.C. § 1983, and Article I, § 11 of the

Michigan Constitution and malicious prosecution under MCL 600.2907 with

prejudice.  Defendants rely on the reasons more fully detailed in the attached Brief in Support.

Pursuant to Eastern District of Michigan Local Rule 7.1(a), the undersigned counsel certifies that he sought concurrence in the relief requested in this motion, but concurrence was denied.


Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

/s/ *Mark W. Peyser*
Mark W. Peyser (P35473)
*Attorneys for Defendants*
450 West Fourth Street
Royal Oak, MI  48067-2557
248-723-0356
mwp@h2law.com

December 27, 2023

2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DALE BRYANT,

        Plaintiff,                          Case No. 22-12066

vs.                                     Hon. Gershwin A. Drain

CITY OF TAYLOR, a municipal corporation,
Officer MAX DORFLINGER, a Taylor police
officer, in his individual capacity, Officer
AARON LAYNE, a Taylor police officer, in his
Individual capacity, and Animal Control Officer
LANNY HALL, Taylor animal control officer, in his
individual capacity,

        Defendants.

_____/

## DEFENDANTS' BRIEF IN SUPPORT
## OF THEIR MOTION FOR SUMMARY JUDGMENT

## <u>ISSUES PRESENTED</u>

I.     ARE THE INDIVIDUAL DEFENDANT POLICE OFFICERS AND
       ANIMAL CONTROL OFFICER ENTITLED TO QUALIFIED
       IMMUNITY FOR PLAINTIFF'S CLAIMS RELATING TO THE
       SEIZURE OF PLAINTIFF'S DOG ON APRIL 15, 2021, BECAUSE
       THE SEIZURE WAS REASONABLE AND SUPPORTED BY
       PROBABLE CAUSE?

       Defendants answer, "Yes."
       This Court should answer, "Yes."

II.    WHERE THE PLAINTIFF CANNOT ESTABLISH ANY
       VIOLATION OF HIS CONSTITUTIONAL RIGHTS IN THE FIRST
       PLACE, SHOULD HIS CLAIM AGAINST THE CITY OF
       TAYLOR ARISING OUT OF THE SAME PURPOSED
       UNDERLYING CONSTITUTIONAL VIOLATIONS BE
       DIMMISED?

       Defendants answer, "Yes."
       This Court should answer, "Yes."

III.   WHERE THE PLAINTIFF CANNOT ESTABLISH ANY
       VIOLATION OF HIS CONSTITUTIONAL RIGHTS IN THE FIRST
       PLACE, SHOULD HIS STATE LAW CONSTITUTIONAL
       CLAIMS BE DIMMISED?

       Defendants answer, "Yes."
       This Court should answer, "Yes."

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

*Gohl v. Livonia Public Schools*,
     134 F. Supp. 3d 1066 (E.D. Mich. 2015)

*King v Montgomery Cnty., Tennessee*
     797 F. App'x 949 (6th Cir. 2020)

*Monell v. Dep't of Soc. Servs.,*
     *436 U.S. 658, (1978)*

*People v. Collins,*
     438 Mich. 8, (1991)

*People v. Nash*,
     418 Mich. 196 (1983)

*West v. Atkins,*
     487 U.S. 42, (1988)

# **TABLE OF CONTENTS**

CONTROLLING OR MOST APPROPRIATE AUTHORITIES…………………ii

TABLE OF AUTHORITIES……………………………………………………iv

I.      INTRODUCTION………………………………………………………...1

II.     BACKGROUND………………………………………………………….2

III.    LEGAL STANDARDS…………………………………………………...5

        A.     Fed. R. Civ. P. 56……………………………………………..5

        B.     Qualified Immunity…………………………………………...5

        C.     Video Evidence………………………………………………6

IV.     ARGUMENT……………………………………………………………..6

        A.     Plaintiff's Fourth Amendment Claim Fails As Defendants Seizure of
               Plaintiff's Property Was Reasonable…………………………………7

        B.     Plaintiff Claims Against the City of Taylor Should Be Dismissed
               Because Plaintiff Has Failed to Establish Municipal Liability Under
               42 U.S.C. § 1983……………………………………………………11

        C.     Plaintiff's State Law Constitutional Claims Fail Because Defendant's
               Seizure of Plaintiff's Property Was Reasonable……………………..12

V.      CONCLUSION…………………………………………………………13


        LOCAL RULE CERTIFICATION………………………………….…….14

iv

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................5

*Bateman v. Driggett,*
  4No. 11-13142, 2021 WL 2564839 (E.D. Mich. July 2, 2021) ...........................7

*Doe v. Claiborne County*,
  103 F.3d 495 (6th Cir. 1996)....................................................11

*Gohl v. Livonia Public Schools*,
  134 F. Supp. 3d 1006 (E.D. Mich. 2015) ...........................................12

*Heyerman v. Cnty. of Calhoun*,
  680 F.3d 642 (6th Cir. 2012)....................................................13

*Goodwin v. City of Painesville*,
  781 F.3d 314 (6th Cir. 2015)....................................................12

*Johari v. Big Easy Rests., Inc.*,
  78 F. App'x 546 (6th Cir. 2003)..................................................5

*King v Montgomery Cnty., Tennessee*,
  797 F. App'x 949 (6th Cir. 2020)........................................... 8, 9, 10

*Lyons v. City of Xenia*,
  417 F.3d 565 (6th Cir. 2005)....................................................5

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ................................................................5

*Monell v. Dep't of Soc. Servs*,
  7436 U.S. 658, 690 (1978) .......................................................11

*Mullenix v. Luna*,
  136 S. Ct. 305 (2015)............................................................5

*People v. Nash*,
  418 Mich. 196 (1983) ...........................................................12

*People v. Collins*,
   438 Mich. 8 (1991) ............................................................................................13

*Rudlaff v. Gillispie*,
   791 F.3d 638  (6th Cir. 2015) .............................................................................6

*Sallier v. Brooks*,
   343 F.3d 868 (6th Cir. 2003) ..............................................................................8

*Scott v. Harris*,
   550 U.S. 372 (2007) .............................................................................................6

*Toner v. Village of Elkton*,
   No. 11-10835, 2012 WL 4748057 (E.D. Mich. Oct. 4, 2012) .............................6

*United Pet Supply, Inc. v. City of Chattanooga, Tenn.*,
   768 F.3d 464 (6th Cir. 2014) ............................................................................8, 9

*West v. Atkins*,
   487 U.S. 42 (1988) ...............................................................................................7

*White v. Detroit, City of*,
   569 F. Supp. 3d 650 (E.D. Mich. 2021) ..............................................................7

**Statutes**

42 U.S.C. § 1983 ......................................................................................................11

**Rules**

E.D. Mich. L.R. 7.1(d)(3) ........................................................................................14

E.D. Mich. Local Rule 5.1(a)...................................................................................14

Fed. R. Civ. P. 56(a)..................................................................................................5

## I.    INTRODUCTION

Defendants are entitled to summary judgment in this case.  The individual police officers and animal control officer are entitled to qualified immunity.  Moreover, Plaintiff has failed to prove a claim for municipal liability against the City of Taylor.    Accordingly,  summary  judgment  should  be  granted  in  favor  of Defendants and against Plaintiff, and Plaintiff's Complaint should be dismissed.

When it comes to the lawful search and seizure of property by police officers, video evidence is the strongest evidence of what happened.  A plaintiff cannot create a genuine issue of material fact by contradicting the video evidence.  For purposes of summary judgment, the district court is required to view the facts in the light depicted by the video evidence.  Here, the video evidence—from the officers' body cameras[1]—confirms  that  upon  Defendant  Officers  arrival  to  Plaintiff's  home, Plaintiff's dog King was malnourished, covered in his own feces, and had a lead tangled  around  his  hind  legs,  torso,  and  neck.    Defendant  Officers  immediately removed the lead and based on King's appearance, injuries, and living conditions, Defendant Officers had probable cause to believed King was in danger.  King was

---

[1] Attached as **Exhibits 1-6** are Defendant Dorflinger and Defendant Layne's body camera footage.  All body camera footage (**Exhibits 1-6**) will be filed with the Court utilizing the Media File Upload feature pursuant to the Electronic Filing Policies and Procedures.

removed from Plaintiff's home and transported to the City of Taylor Animal Shelter so that he could receive immediate veterinary attention. The Defendant Officers actions on April 15, 2021, including the removal of King from Plaintiff's residence, were reasonable and necessary under the circumstances. Defendants are entitled to qualified immunity as a matter of law.

Accordingly, for these reasons, which are set forth in more detail below, Defendants respectfully request that this Honorable Court GRANT this motion for summary judgment and DISMISS WITH PREJUDICE Plaintiff's complaint.

## II. BACKGROUND

On April 15, 2021, at approximately 11:02 p.m., Plaintiff placed a call to 911 requesting assistance because a "chain [was] wrapped around his [dog's] legs" and he could not "get it off of him." **Ex. 8**, 04-15-21 11.02.52PM Phone Audio File, at 0:44-0:49. Defendant Officers Max Dorflinger and Aaron Layne were dispatched to Plaintiff's home. Upon arrival, Officers Dorflinger and Layne could hear the crying of a dog from the street outside of Plaintiff's residence. **Ex. 9,** Case Report. Upon entry into the home, the Defendant Officers observed Plaintiff's dog "tied up inside of a cage, and feces and urine all through the house." **Ex. 10,** Officer Dorflinger Dep. Tr., p. 52, ll. 9-11. The smell of feces and urine inside the home was so strong that Officer Dorflinger instructed Officer Layne to call Animal Control Officer Lanny Hall. Officer Dorflinger then immediately grabbed the cage, with Plaintiff's dog still

2

stuck inside, and exited Plaintiff's home. *Id*. and **Ex. 1**, Officer Dorflinger's Body Camera Video at 01:27-02:26.

Once outside, Officer Dorflinger observed an extensive amount of dry feces "caked onto, not only the dog, but the cage itself." **Ex. 10**, p. 54, ll. 15-19. Photographs of the dog's cage are attached hereto as **Ex. 11** and **Ex. 12.** Officer Dorflinger also observed that the dog's leg was swollen as a result of being tangled in the lead. *Id*. at p. 53, ll. 19-24. Officer Layne obtained wire cutters and Defendant Officers were able to successfully free Plaintiff's dog from the lead. **Ex. 1** and **Ex. 2**, Officer Layne's Body Camera Video.[2]

Once Plaintiff's dog was freed from the lead, Officer Dorflinger determined that the dog had to be evaluated by Animal Control Officer Lanny and that a ticket would be issued for animal cruelty. After speaking with Officer Lanny, it was decided that Plaintiff's dog would be removed from the home. The decision to remove Plaintiff's dog from his home was "fully made to completion when Lanny Hall observed what [Officer Dorflinger] observed in the dog's cage after [Officer Dorflinger] briefed him on what we found and how tangled the dog was, and after the ticket was issued and King was recovered". **Ex. 10**, p. 62 ll. 21-p.63, ll. 1-2. Contrary

---

[2] It took the officers over 3 minutes to cut King free from the tightly wrapped steel cable around King's hind leg.

to Plaintiff's representations, when asked why Plaintiff was issued a ticket for animal cruelty, Officer Dorflinger testified as follows:

> Q:  Do you think there was exceptional berating by Dale Bryant?
> **A:  Yes.**
> Q:  And that's why his ticket was issued?
> **A:  No.  That was not why his ticket was issued.  His ticket was issued due to the living condition of King the dog**.
> **Ex. 10**, p. 66, ll. 3-7

After issuing the ticket, Officer Layne attempted to speak with Plaintiff outside his home, but Plaintiff refused and instead, closed the door on Officer Layne.  **Ex. 4,** Body Camera Video 2021-04-15-2329, 01:10-1:32.   Plaintiff's dog was then transported to City of Taylor's Animal Shelter where it was noted at intake that "care for animal is very bad."  **Ex. 13,** Taylor Animal Shelter Disposition Card.

The matter was then referred to the City of Taylor's Prosecutor's Office for further investigation.   After reviewing the file, police report and other available evidence, Prosecutor Zick determined that there was probable cause for the issuance of the charge and seizure of Plaintiff's dog.  **Ex. 14,** Affidavit of Matthew A. Zick. After prosecuting the matter for 4 months, the City of Taylor and Plaintiff were able to reach a resolution and Plaintiff's dog was returned to him, and all kennel fees were waived.  **Ex. 15**, Register of Actions.

## III.   LEGAL STANDARDS

### A.   Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact. . . ."  Fed. R. Civ. P. 56(a).  A "genuine" issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment."  *Johari v. Big Easy Rests., Inc.*, 78 F. App'x 546, 548 (6th Cir. 2003).

### B.   Qualified Immunity

Police officers are entitled to qualified immunity unless "the facts alleged show the officers' conduct violated a constitutional right" and that constitutional right "was clearly established . . . in light of the specific context of the case, not as a broad general proposition."  *Lyons v. City of Xenia*, 417 F.3d 565, 571 (6th Cir. 2005) (citation omitted).  When a defendant claims qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity.  *Myers v. Potter*, 422 F.3d 347, 352 (6th Cir. 2005).  "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Mullenix*

*v. Luna*, 136 S. Ct. 305, 308 (2015) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

### C.   Video Evidence

Where video evidence exists, a plaintiff cannot create a question of fact by claiming an alleged use of force that is blatantly contradicted by the video evidence. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Toner v. Village of Elkton*, No. 11-10835, 2012 WL 4748057, at *7–*8 (E.D. Mich. Oct. 4, 2012) (**Ex. 16**).   In other words, where video evidence exists, such as in this case, the facts are taken in the light as shown in the videos.   *Scott*, 550 U.S. at 380–81; *Rudlaff v. Gillispie*, 791 F.3d 638, 639 (6th Cir. 2015) ("In such a case—'where the police dash-cam video[s] . . . depict[ ] all of the genuinely disputed facts,' we 'view [ ] the facts in the light depicted by the videotape[s].'") (citing *Standifer v. Lacon*, 587 F. App'x 919, 920 (6th Cir. 2014); *Scott*, 550 U.S. at 381).

## IV.   ARGUMENT

Plaintiff's Complaint asserts the following claims: (1) violation of civil rights pursuant to 42 U.S.C § 1983; (2) violation of Article I, § 11 of the Michigan Constitution; and (3) violation of MCL 600.2907.  ECF No. 1.  Plaintiff's Complaint cannot survive the undisputed evidence.  Plaintiff's entire Complaint is based on his faulty premise that the Defendant Officers wrongfully and unlawfully seized his property.  As the video evidence confirms, Defendants acted appropriately and had

probable cause to seize Plaintiff's endanger dog in order to provide the dog with immediate care.   Given the uncontroverted evidence captured on at least two different body cameras, Defendants are entitled to summary judgment based on qualified immunity.

### A.   Plaintiff's Fourth Amendment Claim Fails As Defendants Seizure of Plaintiff's Property Was Reasonable

To move forward with his claims under § 1983, Plaintiff must establish that the seizure of his dog by Defendant Officers was unreasonable.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

"The Fourth Amendment does not provide an absolute protection against all seizures – only unreasonable seizures.  "Reasonableness is the touchstone of any seizure under the Fourth Amendment. Reasonableness is an objective inquiry assessed from the time that the officer's actions took place. *White v. Detroit, City of*, 569 F. Supp. 3d 650, 654 (E.D. Mich. 2021), *aff'd sub nom. White v. City of Detroit, Michigan*, 38 F.4th 495 (6th Cir. 2022) (citations omitted).  Application of the reasonableness test requires the [c]ourt to balance the nature and quality of the intrusion on the plaintiff's Fourth Amendment rights against the countervailing government interest at stake." *Bateman v. Driggett*, No. 11-13142, 2012 WL 2564839, at *7 (E.D. Mich. July 2, 2012) (**Ex. 17**).  A seizure becomes unlawful when it is more intrusive than necessary. *White v. Detroit, City of*, 569 F. Supp. 3d

7

650, 654 (E.D. Mich. 2021), *aff'd sub nom. White v. City of Detroit, Michigan*, 38 F.4th 495 (6th Cir. 2022) (internal citations omitted).

As Sixth Circuit case law makes clear, "[g]overnment officials who perform discretionary functions are generally protected from liability for civil damages as long as their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sallier v. Brooks*, 343 F.3d 868, 878 (6th Cir. 2003) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Most importantly, exigent circumstances can justify a warrantless seizure of an endangered animal and give rise to probable cause. *King v Montgomery Cnty., Tennessee,* 797 F. App'x 949, 956 (6th Cir. 2020).

### 1. Defendants had probable cause to seize Plaintiff's dog based on readily apparent exigent circumstances

Plaintiff first incorrectly alleges that "Defendants Dorflinger, Layne, and Hall, while acting under color of state law, violated Mr. Bryant's clearly established right to be free of unreasonable seizures by unlawfully seizing and impounding his dog on April 15, 2021." (ECF No. 1, PageID.18).

"[A] search or seizure carried out on a suspect's premises without a warrant is *per se* unreasonable, unless the police can show that it falls within one of a carefully defined set of exceptions based on the presence of 'exigent circumstances or another of the carefully delineated exceptions to the warrant requirement." *United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 489 (6th Cir. 2014)

(citation omitted).  The Court must "evaluate whether 'an objectively reasonable officer confronted with the same circumstances could reasonably believe that exigent circumstances existed." *Id.*

As the Sixth Circuit explained in *King v Montgomery Cnty., Tennessee,* 797 F. App'x 949, 956 (6th Cir. 2020), government officials do not run afoul of the Fourth Amendment when seizing animals without a warrant when there exists a reasonable belief that the animal is in danger.  In *King*, a police officer and animal control officer entered the plaintiff's home without a warrant and seized 5 of her 10 dogs.  They discovered dog feces and urine throughout the home, strong ammonia fumes making it hard to breathe and dogs caged without access to food or water.  *Id.* at 952.  After determining the foul conditions threatened the dogs' health, the officers took the dogs into animal control custody.  *Id.* at 953.  Plaintiff filed a § 1983 action against the officers and county alleging, among other things, that the officers unlawfully seized the dogs in her home without a warrant or probable cause in violation of the Fourth Amendment.  Defendants moved for summary judgment on the basis of qualified immunity.  The district court found that the officers' entry into the home and seizure of plaintiff's dog was supported by readily apparent exigent circumstances that gave rise to probable cause and therefore, plaintiff's constitutional rights were not violated, and defendants were entitled to qualified immunity.  *Id.* at 954.

9

The Sixth Circuit upheld the district court's decision finding that "[e]xigent circumstances can also justify the warrantless seizure of endangered animals....[o]nce Officer Cook entered the home and saw the foul conditions, she reasonably believed that allowing the dogs to remain in the home risked their lives. Under the circumstances, it would have been impracticable for Cook to seek a warrant before removing the dogs from the residence.  Doing so thus did not violate the Fourth Amendment."  *Id*. at 956.

Here, like the officers in *King*, upon entry into Plaintiff's home, Defendant Officers discovered a strong smell of urine and feces throughout the home and observed Plaintiff's dog tangled in lead, covered in feces and stuck inside his cage. Defendant Officers also observed an injury to the dog's leg.  Because of these conditions, Defendant Officers reasonably believed that allowing Plaintiff's dog to remain in the home was unsafe and therefore, they took possession of the dog. Defendant Officers were faced with readily apparent exigent circumstances that gave rise to probable cause.  Because Defendants had probable cause to believe Plaintiff's dog was in danger, they were justified in taking possession of Plaintiff's dog without a warrant, just as in *King*.

Whether Defendant Officers over-estimated the danger Plaintiff's dog actually faced is immaterial.  While circumstances may ultimately prove less dire than imagined, courts "do not review an officer's actions with the benefit of

10

hindsight; we instead put ourselves in her shoes....so long as officers make reasonable efforts to gather information before acting, the Constitution is no obstacle." *Id* at. 955.

Because the undisputed facts establish that the Defendant Officers had probable cause to seize and impound Plaintiff's dog based on their reasonable belief the dog was in danger, pursuant to the holding in *King,* Defendant Officers' actions do not violate the Fourth Amendment and they are entitled to qualified immunity from suit. Accordingly, summary judgment should be granted in their favor because Plaintiff cannot, as a matter of law, establish a lack of probable cause or that the seizure of his dog was unreasonable.

### B.   Plaintiff's Claims Against The City of Taylor Should Be Dismissed Because Plaintiff Failed To Establish Municipal Liability Under 42 U.S.C. § 1983 .

To bring a suit against a municipality pursuant to 42 U.S.C. § 1983, a plaintiff must (1) alleged the violation of a constitutional right, and (2) that the municipality is responsible for that violation. *Doe v. Claiborne County*, 103 F.3d 495, 505–06 (6th Cir. 1996). To satisfy the second prong of this inquiry, a plaintiff "must prove that the municipality's policy or custom caused the alleged injury." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978). A municipality cannot be liable for a constitutional violation unless the plaintiff can show that the municipality had a

11

policy or custom and that policy or custom was the "moving force" behind the constitutional violation. *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). But, if a plaintiff does not establish that he suffered a constitutional violation to begin with, there can be no unconstitutional "custom" or "policy" that is the moving force behind an action. *Gohl v. Livonia Public Schools*, 134 F. Supp. 3d 1066, 1090 (E.D. Mich. 2015).

Here, Plaintiff's claim against the City of Taylor is based on the alleged constitutional violations Plaintiff contends occurred, which, as explained above, cannot proceed as a matter of law. Because Plaintiff cannot establish any underlying violation of his constitutional rights, he cannot proceed with any claim against the City of Taylor, which is dependent on his claims against the individual officers. Plaintiff's claims against the City of Taylor should be dismissed.

### C.   Plaintiff's State Law Constitutional Claims Also Fails Because Defendants Seizure of Plaintiff's Property Was Reasonable

Plaintiff's state law constitutional claims echo his federal constitutional claims asserting Fourth Amendment protections. The federal and state constitutional provisions that forbid unreasonable searches and seizures are nearly identical, *People v. Nash*, 418 Mich. 196; 341 N.W. 2d 439 (1983), thus similar principles apply.[3]   To the extent that Plaintiff is also asserting claims under the Michigan

---

[3]Factors to be considered when determining whether a state constitutional provision affords protection different from its federal counterpart include "1) the textual language of the state

Constitution, Article 1 § 11 and the Fourth Amendment are treated as affording the same protections.  *People v. Collins*, 438 Mich. 8; 475 N.W. 2d 684 (1991).  As explained above, Plaintiff has not and cannot establish that Defendants' seizure of Plaintiff's dog was unreasonable or without probable cause.  For that reason alone, Plaintiff's state law constitutional claims must be dismissed along with his §1983 claim.

## V.    CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Honorable Court GRANT this motion for summary judgment and DISMISS WITH PREJUDICE Plaintiff's complaint in its entirety.

Respectfully submitted,

**HOWARD & HOWARD ATTORNEYS PLLC**

/s/ *Mark W. Peyser*
Mark W. Peyser (P35473)
*Attorneys for Defendants*
450 West Fourth Street
Royal Oak, MI  48067-2557
248-723-0356
Dated:  December 27, 2023    mwp@h2law.com

---

provision, 2) significant textual differences between provisions of the two constitutions, 3) state constitutional and common-law history, 4) state law preexisting adoption of the relevant constitutional provision, 5) structural differences between the state and federal constitutions, and 6) matters of peculiar state or local interest." *Sitz v. State Police*, 443 Mich. 744, 763; 506 N.W.2d 209 n 10 (1993).

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on December 27, 2023, the foregoing instrument was filed with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

I declare that the statements above are true to the best of my information, knowledge, and belief.

<u>/s/ *Mark W. Peyser*</u>

Mark W. Peyser (P35473)

*Attorneys for Defendants*

450 West Fourth Street

Royal Oak, MI  48067-2557

248-723-0356

[mwp@h2law.com](mailto:mwp@h2law.com)

4893-0550-1593, v. 1

14